```
                                               FILED IN CHAMBERS
                                               THOMAS W. THRASH JR.
                                               U. S. D. C. Atlanta

                                                 APR  5 2010

                                               JAMES N. HATTEN, Clerk
                                               /s/ Sewell
                                                        Deputy Clerk
```

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| LANELLETTA NAY WINGSTER, GDC NO. 476270, | :: | PRISONER CIVIL RIGHTS 42 U.S.C. § 1983 |
| Plaintiff, | :: | |
| v. | :: | |
| DEKALB COUNTY PUBLIC DEFENDER'S OFFICE; and JENNIFER SNYDER, Public Defender, Defendants. | :: | CIVIL ACTION NO. 1:10-CV-0873-TWT |

## ORDER AND OPINION

Plaintiff Lanelletta Nay Wingster, presently confined in the Georgia Diagnostic and Classification Prison in Jackson, Georgia, has filed the instant <u>pro se</u> civil rights action. (Doc. 1). Plaintiff has not paid the $350.00 filing fee that is required for civil actions or submitted a financial affidavit seeking leave to proceed <u>in forma pauperis</u>. The matter is now before the Court for a 28 U.S.C. § 1915A frivolity determination. For the purpose of dismissal only, Plaintiff is hereby **GRANTED** leave to proceed <u>in forma pauperis</u>.

### I.    The Standard of Review for Screening Prisoner Civil Rights Actions

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to screen "as soon as practicable" a prisoner complaint "which seeks redress from a governmental entity
AO 72A
(Rev.8/82)

or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that either: (1) is "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (the "complaint must be dismissed" when a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face," not merely "conceivable"). See also Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (holding that Twombly "expounded the pleading standard for all civil actions," to wit, conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from

2

conceivable to plausible"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations); Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992) (the court cannot read into a complaint non-alleged facts).

## II. Discussion

Plaintiff brings this action against the DeKalb County Public Defender's Office and public defender Jennifer Snyder. (Doc. 1 at 1, 3). Plaintiff contends that Ms. Snyder was constitutionally ineffective for "not representing [him] as told" during a probation violation hearing. (Id. ¶ IV). Plaintiff states that he "was given 2 years in prison because [he] was instructed by a mental health counselor to go home for family support." (Id.). Plaintiff seeks to recover over one million dollars in lost profits from his landscape business and record label. (Id.).

The DeKalb County Public Defender's Office is not a legal entity subject to suit under 42 U.S.C. § 1983. Ashley v. Colohan, No. CV 109-033, 2010 WL 322741, at *3 (S.D. Ga. Jan. 27, 2010). Additionally, Plaintiff fails to state a claim against Ms. Snyder because a public defender does not act under color of state law when exercising independent professional judgment in representing a criminal defendant in a criminal case. Polk County v. Dodson, 454 U.S. 312, 324 (1981). Finally, this

3

Court cannot award Plaintiff the monetary relief he seeks because he has not alleged that his probation violation conviction has been reversed or otherwise called into question. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994).

III. **Conclusion**

Based on the foregoing, **IT IS HEREBY ORDERED** that the instant pro se civil rights action (Doc. 1) is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**IT IS SO ORDERED** this 2 day of april, 2010.

*[signature]*
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)